**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

**NATHANIEL REALTY, LLC and
HOWARD L. SHACKELFORD, MD,**

        **Plaintiffs,**

**v.**

**STATE FARM FIRE AND CASUALTY
COMPANY,**

        **Defendant.**

> ELECTRONICALLY
> FILED
> Jul 05 2018
> U.S. DISTRICT COURT
> Northern District of WV

**CIVIL ACTION NO. 5:18-cv-110  (Stamp)
CIRCUIT COURT NO. 18-C-116**

## NOTICE OF REMOVAL

        NOW COMES the Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through counsel, Tiffany R. Durst, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to *28 U.S.C. § 1332, 1441*, and *1446*, and hereby gives notice that, on the grounds set forth below, it is removing the above styled action from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia, at Wheeling. In support thereof, State Farm states and avers as follows:

        1.      According to *28 U.S.C. § 1441(a)*, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The original jurisdiction of this Court includes "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" *28 U.S.C. § 1332(a)(1)*.

2.	This civil action was commenced by Plaintiffs, Nathaniel Realty, LLC and Howard L. Shackelford, MD (hereinafter collectively "Plaintiffs"), on or about May 31, 2018. Plaintiffs filed their Complaint in the Circuit Court of Ohio County, West Virginia. The matter was designated Civil Action 18-C-116 by the Circuit Court of Ohio County, West Virginia. *See Complaint, attached hereto as "Exhibit A."*

3.	Service upon State Farm was effectuated via the West Virginia Secretary of State on June 5, 2018. *See Service of Process information from West Virginia Secretary of State, attached hereto as "Exhibit B"; Summons, attached hereto as "Exhibit C."*

4.	Upon information and belief, a complete copy of the Ohio County Circuit Court file, including true and correct copies of all process, pleadings, and orders served in the state court action, will be submitted to this Court by the Circuit Clerk of Ohio County, West Virginia. *See current Docket Sheet for Civil Action No. 18-C-116, attached hereto as "Exhibit D."*

5.	This Notice of Removal is being filed within (30) days after State Farm was served with a Complaint which is removable to the United States District Court for the Northern District of West Virginia, at Wheeling.

6.	According to the Complaint, Plaintiffs' claims arise from a July, 2017 claim for bat infestation at property owned by Plaintiff, Nathaniel Realty, LLC, and located in Salesville, Ohio, and insured under a policy issued by State Farm, that being Policy Number 95-CJ-J527-4. In addition, the Complaint alleges that Plaintiff, Howard Shackelford, MD, was the owner of residential property located in Wheeling, West Virginia, and insured by State Farm under Policy Number 48-BD-7261-9, which Policy Plaintiffs claim that State Farm illegitimately canceled after receiving correspondence from Plaintiffs' counsel in regard to the bat infestation

2

claim. *Exhibit A at ¶¶ 5-7, 9, 18.* Plaintiffs alleges that Plaintiff, Nathaniel Realty, LLC, is entitled is entitled to benefits under Policy Number 95-CJ-J527-4 for the full amount of costs incurred to eliminate the bat infestation and repair the damages caused by the bat infestation. *Exhibit A at ¶ 21.* Plaintiffs allege that State Farm has refused to pay and/or offer to pay any benefits that are due and owing to Plaintiffs. *Exhibit A at ¶ 22.*

7.      Plaintiffs assert a claim for breach of the duty of good faith and fair dealing. *See Exhibit A at ¶¶ 24-25.* Plaintiffs' Complaint seeks damages for attorney fees, loss of use of the dwelling, damages for annoyance and inconvenience, as well as punitive damages. *Exhibit A at ¶¶ 26, 28-30.*

8.      This Court has diversity jurisdiction over this action under *28 U.S.C. § 1332*, and this action is removable to this Court on that basis, as well as *28 U.S.C. § 1441(a)*. There is complete diversity of citizenship in this action, and the amount in controversy is equal to or greater than $75,000, exclusive of interest and costs upon information and belief.

(a)      With regard to the amount in controversy, Plaintiffs do not state a specific amount of damages or agree to cap their damages at an amount less than $75,000.00. Plaintiffs seek to recover damages for attorney's fees and litigation expenses, economic and non-economic damages, annoyance, inconvenience, and punitive damages. *Exhibit A at ¶¶ 26, 28-30.* In support of the claim for punitive damages, Plaintiffs allege that State Farm's alleged conduct was "intentional and was done with a state of mind characterized by ill-will and a spirit of revenge and/or with a conscious disregard for the plaintiffs' rights" *Exhibit A at ¶ 27.*

(b)      The failure of Plaintiffs to plead a specific dollar amount in the Complaint does not preclude removal to federal court. "The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiffs have done here,

to place a specific dollar value upon their claim." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp 22, 23 (S.D. W. Va. 1994). "When no specific amount of damages is set forth in the complaint, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum." *Mullins*, 861 F.Supp at 23. In evaluating whether the amount in controversy has been satisfied, the court may consider:

> The type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. . . .

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997). West Virginia federal district courts have consistently held that a good faith claim for punitive damages is considered in the calculation of the amount in controversy. *See Heller v. TriEnergy, Inc.*, No. 5:12-CV-45, 2012 U.S. Dist. LEXIS 94003, at *1 (N.D. W. Va. July 9, 2012); *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556-57 (S.D. W. Va. Oct. 20, 2000). Succinctly stated, "lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *See Scarletto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011).

(c)     In *Arthur*, the plaintiffs filed suit in West Virginia state court against the insurer that provided coverage for their residential property. The plaintiffs submitted a claim for benefits under the policy, which was denied by the insurer. *Arthur v. Homesite Ins. Co.*, No. 2:16-CV-00150, 2016 WL 1717222, at *1 (S.D.W. Va. Apr. 28, 2016). The plaintiffs brought suit for breach of contract, violations of the West Virginia Unfair Trade Practices Act,

4

common law bad faith, and negligence. The plaintiff sought specific performance under the policy, so-called *Hayseeds* damages, punitive damages, a refund of the insurance premium, costs incurred through litigation, attorney's fees, and pre- and post-judgment interest. In the complaint, the plaintiffs stated that "the amount in controversy does NOT exceed $75,000" but added "that does not mean that a jury verdict couldn't exceed that amount as plaintiff's [sic] are requesting punitive damages and *Hayseeds* damages." *Id.*

The insurer removed to federal court and the plaintiffs moved to remand arguing that the amount in controversy did not exceed $75,000.00. *Id.* Although the complaint did not indicate the value of the insurance claim, the court assumed this amount to be less than $75,000.00 based on the plaintiffs' allegations. *Id.* at n. 3. The court took into consideration the plaintiffs' claims for punitive and *Hayseeds* damages:

> "This Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000) (citation omitted). "If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). Under West Virginia law, punitive damages are available for an insurer's refusal to pay on a claim if the policyholder can prove "actual malice" in the settlement process. *See Hayseeds*, 352 S.E.2d at 80–81. Plaintiffs have alleged Homesite acted with "actual malice." (Compl. ¶¶ 17, 24, 32, ECF No. 1-1.) Plaintiffs' other *Hayseeds* damages, specifically, damages for "aggravation, mental anguish, humiliation, embarrassment, emotional distress, and inconvenience," (see id. ¶ 30), also inflate the amount in controversy. See *Mullins*, 861 F. Supp. at 24. Plaintiffs have alleged [the insurer] acted in bad faith by denying their insurance claim; further, that it unreasonably delayed the claim's resolution, failed to conduct a proper investigation, and put its interests above those of their insured. (See id. ¶¶ 33–34.) These allegations are sufficient to prove that both punitive and so-called *Hayseeds* damages are at issue in this case.

*Id.* at *4. The court also took into consideration the plaintiffs' statement that a jury verdict could exceed $75,000.00. The court gave little weight to jury verdicts in other matters presented by the insurer, finding the cases to be dissimilar from the plaintiffs' case. *Id.*

5

The court ultimately found that the insurer had established the amount in controversy:

> Thus, two factors—the nature of Plaintiffs' claims and their admission that a jury verdict could reasonably exceed $75,000—persuade the Court that [the insurer] has established by a preponderance of the evidence that Plaintiffs stand to recover more than the jurisdictional minimum of $75,000. Plaintiffs have chosen to pursue claims against a diverse party, seeking unspecified damages of various kinds, including punitive damages and damages for emotional distress, aggravation, mental anguish, humiliation, embarrassment, and inconvenience. Without a valid stipulation on their part that they disclaim any entitlement to an amount over the jurisdictional threshold, Plaintiffs should have reasonably expected removal to federal court.

*Id.* at \*5. Therefore, the Court denied the plaintiffs' motion to remand.

(d)      This case is analogous to *Arthur* and, therefore, removal is appropriate. As in *Arthur*, the Plaintiffs seek to recover punitive damages as well as damages for attorney's fees and litigation expenses, economic and non-economic damages, annoyance and, inconvenience. Moreover, as in *Arthur*, Plaintiffs have not stipulated that they disclaim any entitlement to an amount over the jurisdictional threshold. Therefore, the amount of controversy exists for purposes of diversity jurisdiction in this case.

(e)      According to the Complaint, Plaintiff, Nathaniel Realty, LLC is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located in St. Clairsville, Ohio. *Exhibit A at ¶ 1.* Plaintiff, Howard L. Shackelford, MD, is a citizen and resident of Ohio County, West Virginia. *Exhibit A at ¶ 2.* Therefore, for purposes of *28 U.S.C. §§ 1332* and *1441*, Plaintiff, Nathaniel Realty, LLC, is domiciled in the State of Ohio and is a citizen of the State of Ohio. Moreover, for purposes of *28 U.S.C. §§ 1332* and *1441*, Plaintiff, Howard L. Shackelford, MD, is domiciled in the State of West Virginia and is a citizen of the State of West Virginia.

6

(f)     State Farm is an Illinois corporation with its principal place of business being located in Illinois. *Exhibit A at ¶ 4.*

(g)     Therefore, there is complete diversity between Plaintiffs and State Farm.

9.     Pursuant to *28 U.S.C. § 1441(a)*, any civil action brought in a State of which the district courts of the United States have jurisdiction may be removed by the Defendant(s) to the district court of the United States for the district and division embracing where such action is pending.

10.     Pursuant to *28 U.S.C. § 1391*, venue is proper in the Northern District of West Virginia because a substantial part of the events or omissions giving rise to the claims contained in the Complaint allegedly occurred in this district.

11.     Removal of this action to this Court is also proper pursuant to *28 U.S.C. § 1446(b)(2)(A)* as all Defendants have consented to removal. Specifically, State Farm, the only Defendant, is represented by the undersigned and consents to removal.

12.     Pursuant to *28 U.S.C. § 1446(d)*, State Farm is concurrently serving on Plaintiffs their Notice of Removal and also filing in the Circuit Court of Ohio County, West Virginia, a "Notice of Filing of Notice of Removal to Federal Court". *See Notice of Filing of Notice Removal to Federal Court, attached hereto as "Exhibit E."*

13.     State Farm states that the removal of the above-captioned civil action from the Circuit Court of Ohio County to the United States District Court for the Northern District of West Virginia, at Wheeling, is proper.

Dated this 5th day of July, 2018.

**Defendant, State Farm Fire and Casualty Company, By Counsel:**

*s / Tiffany R. Durst*

Tiffany R. Durst, WV State Bar No. 7441

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, West Virginia  26508
Telephone:    (304) 225-2200
Facsimile:    (304) 225-2214

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT WHEELING

**NATHANIEL REALTY, LLC and**
**HOWARD L. SHACKELFORD, MD,**

      **Plaintiffs,**

**v.**

**STATE FARM FIRE AND CASUALTY**
**COMPANY,**

      **Defendant.**

**CIVIL ACTION NO._____**
**CIRCUIT COURT NO. 18-C-116**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, does hereby certify on this 5th day of July, 2018, that a true copy of the foregoing "***NOTICE OF REMOVAL***" was served upon opposing counsel by electronically filing the same with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Scott S. Blass, Esq.
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003

/s / Tiffany R. Durst

Tiffany R. Durst, WV State Bar No. 7441

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***

9