IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL REALTY, LLC and
HOWARD L. SHACKELFORD, MD,

    Plaintiffs,

v.                                   Civil Action No. 5:18CV110
                                               (STAMP)
STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I.  Background

The plaintiffs, Nathaniel Realty, LLC and Howard L. Shackelford, MD, originally filed a complaint in the Circuit Court of Ohio County, West Virginia, against the defendant, State Farm Fire and Casualty Company. ECF No. 1. This case arises out of the cancellation of the plaintiffs' homeowners insurance policy. ECF No. 1-1 at 2. The plaintiffs allege that the defendant wrongly cancelled their policy after learning of a bat infestation in the attic of the covered property. ECF No. 1-1 at 2-3. The complaint makes a claim for breach of the implied covenant of good faith and fair dealing. ECF No. 1-1 at 5. The plaintiffs seek compensatory damages, general damages, punitive damages, pre-judgment and post-judgment interest, and attorney's fees and costs. ECF No. 1-1 at 6.

The defendant removed the civil action to this Court. ECF No. 1. In the notice of removal, the defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 1 at 3. The defendant states that there is complete diversity because Dr. Shackelford is a citizen and resident of Ohio County, West Virginia, Nathaniel Realty is domiciled in the State of Ohio and is a citizen of the State of Ohio, and the defendant is an Illinois corporation with its principal place of business in Illinois. ECF No. 1 at 6-7. The defendant states that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, based on the plaintiffs' allegations as pled in the complaint. ECF No. 1 at 6.

The plaintiffs then filed a motion to remand, arguing that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 3 at 2. The plaintiffs point out that the complaint does not plead any special damages, but rather generally lists the types of damages to which they might be entitled. ECF No.3 at 3. The plaintiffs contend that the defendant has not met its burden of proving that grounds exist for asserting federal jurisdiction because it has "made no effort to quantify the plaintiff's claims." ECF No. 3 at 2. The plaintiffs further

contend that the defendant "failed to point to **any** proof of **any** kind supporting its allegation that the plaintiffs' claims have a value exceeding this [C]ourt's jurisdictional minimum." ECF No. 3 at 2-3 (emphasis in original).

The defendant filed a response in opposition to the plaintiffs' motion to remand. ECF No. 5. In response, the defendant points out that the complaint alleges that the plaintiffs seek to recover $14,550.00 in damages, which the plaintiffs purportedly expended to repair the bat infestation issue, attorney's fees, loss of use, annoyance, and inconvenience, other non-economic damages, and punitive damages. ECF No. 5 at 8-12. The defendant states that "reasonable attorney's fees in this type of case are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large . . . . But when a claim is for under $20,000 or for over $1,000,000 . . . the court should then inquire concerning 'what reasonable attorneys' fees' are." ECF No. 5 at 7. The defendant also notes that with respect to the claim for punitive damages, "if a multiplier of four (4) times were used . . . this would lead to a punitive damage award of $77,600. Combined with a potential compensatory damage award of $19,400, this amounts to $97,000 . . ." ECF No. 5 at 8.

The plaintiffs filed a reply to the defendant's response in opposition. ECF No. 6. In reply, the plaintiffs argue that the defendant has not come forward with any facts to meet its

evidentiary burden of proving that federal jurisdiction is proper. ECF No. 6 at 4. Rather, the plaintiffs contend that the defendant has only speculated as to the amount in controversy and has cited cases that do not support its argument and "in some instances, actually lend strong support to the plaintiff." ECF No. 6 at 1. The plaintiffs state that even if attorneys' fees are added, the total amount of special damages does not meet the amount in controversy required for diversity jurisdiction. ECF No. 6 at 2. The plaintiff clarifies that, unlike in McNickle v. American Express Co., No. 5:13CV60, 2013 WL 4040574 (N.D. W. Va. Aug. 8, 2013), and Elliott v. AAA Ins., No. 5:15CV146, 2016 WL 2766651 (N.D. W. Va. Jan. 12, 2016), the plaintiffs here are alleging a much smaller amount of special damages and that there is no evidence that the claim's value exceeds $75,000.00. ECF No. 6 at 2-3. Lastly, the plaintiffs address Arthur v. Home Site Ins. Co., No. 2:16CV150, 2016 WL 1717222 (S.D. W. Va. Apr. 28, 2016), by arguing that the plaintiffs' claims here are not relevant under the law in this district and that the plaintiffs never made any admission that the value of the claim is greater than $75,000.00. ECF No. 6 at 3.

For the reasons set forth below, the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether

5

removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

## III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441. Based on the record before this Court, the plaintiffs' motion to remand must be granted. The defendant fails to demonstrate that the amount in controversy requirement has been satisfied. The plaintiffs' complaint does not include any specific monetary demand, but rather generally lists the types of damages to which the plaintiffs might be entitled. Additionally, this Court finds that neither the plaintiffs' general claim for punitive damages nor the plaintiffs' request for attorneys' fees

6

demonstrates that the amount in controversy requirement has been satisfied.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, removal is improper. Also, as stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction.

This Court notes the defendant's argument that "[t]he Court is not required to leave its common sense behind when evaluating the amount in controversy." Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). This Court finds that the argument does not "relieve [the defendant] of its burden to provide evidence on the amount in controversy." Hall v. Cliffs N. Am. Coal, LLC, Civil Action No. 5:09-CV-00689, 2009 WL 4666484, at *2 (S.D. W. Va. Nov. 30, 2009). The Hall court stated that, "[a]lthough the Court 'is not required to leave its common sense

7

behind,'" Mullins, 861 F. Supp. at 24, the defendant nonetheless must give the Court something to which to apply its common sense. In Mullins, the district court considered evidence of the contract price and finance charges, along with the causes of action being sought by the plaintiff." Hall, 2009 WL 4666484, at *2. Here, like in Hall, the defendant does not make "any factual allegations or citations to the record to support its conclusion that the amount in controversy meets or exceeds $75,000." Id.

The Court also notes, however, that nothing prevents the defendant from filing a second notice of removal should the case become removable within one year. See 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiffs' motion to remand is granted, and the case is remanded to the Circuit Court of Ohio County, West Virginia.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 6) is GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County,

8

West Virginia.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 27, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE